Opinion of the court delivered by
Judge Haywood.
This is an action for a malicious prosecution of the plaintiff by the defendant for a burglary; on the trial of which, the wife of Carnes was produced and sworn against Jones, and among other things shewed certain wounds she had received from the perpetrators of the offence, at the time it was committed.
Not guilty was pleaded to the declaration; andón the trial, the plaintiff offered to prove what the wife had sworn on the trial of the indictment, and then offered to prove it false. It was objected, that the wife cannot be a witness against her husband, nor could one be allowed to discredit his own witness.
Had the husband been sworn on the trial of the indictment, then he could not be compelled to be a witness against himself on this trial; yet his statements then, may be proved now, in order to be falsified. How else can the plaintiff shew their falsity'? The proof of such statement could not be rejected on the ground, that to prove them would make the defendant a witness against himself. If the objection will not apply to himself, neither will it against the wife. And as to the other part of the objection, it is true that one cannot discredit his own witness; but the testimony given by the wife, on the trial of the indictment, is not the witness which he now produces, and which he intends to falsify. The fallacy and mistake lies in taking the testimony of the wife on the indictment, as testimony given by her now, for the first time. If the testimony given by the husband on the indictment, may be proved and falsified, and likewise the testimony of a third person, why shall this testimony of the wife be not also stated and disproved? There is not *71 the least reason against it. Shall the law allow malicious prosecutions to be carried on by husbands through the instrumentality of their wives with perfect impunity? Yet such will be the case if this objection prevails. The facts stated on oath, and the falsity of them are proveable on such a trial; and I think the connection between the prosecutor and the witness may be left to the jury as a circumstance; whence may be inferred, if they deem it correct and just, the fact that it was carried on without probable cause, and that known to the husband.
Reverse the judgment and remand the cause, in order that the proof of what the wife swore may be received.
Judgment reversed.